## TOONE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 31, 1913.)

MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—NEGLIGENCE—INSPECTION—EVIDENCE.

Evidence in an action for injury to the driver of a city's sprinkler by the breaking of a step thereon *held* insufficient to show any omission of duty of the city towards him, even if he be an employé of it rather than of the person who supplied it with horses and drivers; the same degree of vigilance in inspection of such a thing, as in case of an intrinsically dangerous piece of machinery, or a complicated or peculiar implement, a defect in which might result in injury, not being required.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977;  Dec. Dig. § 278.*]

Appeal from Trial Term, New York County.

Action by William Toone against the City of New York. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed and dismissed.

See, also, 143 N. Y. Supp. 1146.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Harry Crone, of New York City, for appellant.
Clifford H. Owen, of New York City, for respondent.

PER CURIAM.   Plaintiff was a driver in the general employ of a Mrs. Carney, who supplied the city with horses and drivers for sprinkling carts owned and operated by the city. Plaintiff was so acting as driver when injured. For several days before the accident, plaintiff had driven similar carts. On the day in question, when he reported for work, the superintendent of the city's yard designated the sprinkler in question for the plaintiff to take out. He had used the same sprinkler on the day previous and on the morning of the day of the accident; but when mounting to his seat on starting to work in the afternoon, a step on the cart, some seven feet above the ground, broke, throwing him to the ground and causing the injuries complained of. The step itself seems to have been a piece of malleable iron bent to a right angle, the upper part of which was bolted to the barrel of the cart, a type of step in common use. This particular step was manufactured by a reputable concern. The cart had been rebuilt and repainted in the city's shop in January, 1911, some five months before the accident, and before it left the shop it was carefully inspected by the master foreman, who discovered nothing wrong.

Plaintiff produced a so-called expert witness, who testified that the naked iron at the point of fracture showed a flaw; but his testimony was quite contradictory. First, he swore that "there is nothing on the step to indicate there was a flaw before it was painted," and that he could not tell whether a flaw existed before the step was painted, and in the next breath said that he thought the flaw could have been seen through the paint if the step had been closely examined. The plaintiff testified that he considered himself an expert in wagons and steps;

that he had used this step 12 or 15 times, observing nothing wrong, and thought the step safe until the accident. Whether the plaintiff is to be considered an employé of the city, or as the servant of Mrs. Carney, is immaterial, because in neither case did the evidence justify the finding that the defendant had omitted any duty owing to the plaintiff, or that the accident was attributable to its negligence. It stands to reason that a master is not bound to the same degree of vigilance in the inspection of such a thing as the step of a cart, as would be necessary in the case of an intrinsically dangerous piece of machinery, or any complicated or peculiar implement, a defect in which might result in injury. But whatever duty may have been owing to plaintiff in this respect was fully performed.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.